# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **LORI BAGEARD,** *Plaintiff,* v. **EXPERIAN INFORMATION SOLUTIONS, INC.,** *Defendant.* | Case Number: 8:24-cv- 1884 **JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Lori Bageard ("**Ms. Bageard**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, Experian Information Solutions, Inc. ("**Experian**" or "**Defendant**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Ms. Bageard against the Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331, as the FCRA is a federal statute.

3. The Defendant is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to § 48.193, Fla. Stat. and Fed. R., Civ. P. 4(k).

4. Venue is proper in the Middle District of Florida because the acts complained of were committed within Hillsborough County, Florida.

## PARTIES

5. Ms. Bageard is a natural person residing in the city of Tampa, Hillsborough County, Florida.

6. Ms. Bageard is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

7. Experian is an Ohio corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8. Experian is registered to conduct business as a foreign corporation in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

9. Experian is a nationwide Consumer Reporting Agency ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Duplicate Tradelines

10.  In March 2022, Ms. Bageard opened a credit card account with Credit One Bank ("**Credit One**") with a $1,400 credit limit.

11.  In March 2023, Ms. Bageard opened a second credit card account with Credit One with a $1,000 credit limit.

12.  Each Credit One account had its own separate account number.

13.  Credit One thereafter furnished information regarding the account to the "big three" CRAs – Experian, Equifax Information Services LLC ("**Equifax**") and Trans Union LLC ("**Trans Union**").

14.  In April 2024, Credit One charged both accounts to profit and loss.

15.  Prior to April 2024, Experian reported each Credit One account only once.

16.  Credit One thereafter updated the data furnished to each of the CRAs regarding the accounts to reflect an account status of "Charge Off."

17.  Equifax and Trans Union continued to report the accounts each under a single tradeline.

18.  However, Experian, due to flaws in its procedures for identifying duplicate accounts, incorporated two additional tradelines into its file on Ms. Bageard.

19.  As a result, Experian began reporting the two Credit One accounts as four separate, distinct tradelines.

20. The dates the accounts were opened, the current balance owed, the high balance, and, perhaps most importantly, the 16-digit account numbers, were identical in both tradeline iterations of the March 2022 and March 2023 Credit One accounts.

21. Two tradelines represented a credit card account opened in March 2022.

22. Two tradelines reported identical balances of $2,031.

23. Two tradelines represented a credit card account opened in March 2023.

24. Two tradelines reported identical balances of $1,477.

25. Thus, the report claimed there was an aggregate $7,016 of debt owed to Credit One, although even in a light most favorable to Experian, the amount did not exceed $3,508.

26. Ms. Bageard did not obtain *four* credit card accounts from Credit One.

27. The four Credit One tradelines clearly concern the two credit card accounts belonging to Ms. Bageard that were opened in March 2022 and March 2023.

28. Despite the obvious double duplication of the Credit One accounts, Experian produced and sold reports about Plaintiff which included both iterations of the Credit One tradelines.

29. Experian has been sued multiple times in the past for reporting a single account across multiple tradelines and is thus well aware of the flaws in its software which *frequently* fail to catch and remove duplicate tradelines from appearing on a consumer's credit reports.

30. The Defendant's inclusion of the two duplicate tradelines caused significant harm to Mr. Bageard's credit scores, as the number of charged-off accounts on a consumer's report adversely affects the consumer's scores.

31. Likewise, the amount of debt in collection adversely affects the consumer's debt-to-income ratios.

32. Ms. Bageard applied for credit with Discover Financial Services in June 2024.

33. Experian sold a consumer report regarding Ms. Bageard to Discover Financial Services.

34. While consumer reports are often not made available to the consumer without a subpoena, on information and belief, the report sold by Experian included the duplicate Credit One tradelines.

35. Due at least in part to the presence of the two duplicate tradelines, Ms. Bageard was unable to obtain credit through Discover Financial Service, who evaluated her application.

36. As a result of Experian's conduct, Ms. Bageard has suffered loss of credit, an inability to build equity in a car, damage to her reputation, and severe emotional distress.

37. Ms. Bageard has hired the undersigned law firm to represent her in this matter and has assigned the firm her right to fees and costs.

## COUNT I
## EXPERIAN'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)

38. Ms. Bageard adopts and incorporates paragraphs 1 - 37 as if fully stated herein.

39. Experian violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Ms. Bageard when Experian sold reports which contained two duplicate tradelines regarding two credit cards issued by Credit One, each with a charged-off balance.

40. Experian has been sued before for identical conduct and is thus aware that its procedures for ensuring accuracy of reports are flawed, particularly pertaining to the prevention of duplicate tradelines.

41. Experian's conduct was thus willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

42. Accordingly, Experian is liable, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Bageard's actual damages or statutory damages of $1000 per violation, plus punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Bageard respectfully requests this Honorable Court enter judgment against Experian for:

    a.    The greater of Ms. Bageard's actual damages and statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

    d.    Such other relief that this Court deems just and proper.

### COUNT II
### EXPERIAN'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)
### (Pled in the Alternative to Count I)

43.    Ms. Bageard adopts and incorporates paragraphs 1 - 37 as if fully stated herein, and pleads this count strictly in the alternative to Count I.

44.    Experian violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Ms. Bageard when Experian sold reports which contained two duplicate tradelines regarding a credit card issued by Credit One, each with a charged-off balance.

45.    Experian acted negligently, and is liable, pursuant to 15 U.S.C. § 1681o, for Ms. Bageard's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Bageard respectfully requests this Honorable Court enter judgment against Experian for:

    a.    Ms. Bageard's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

    c.    Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Ms. Bageard hereby demands a trial by jury on all issues so triable.

Respectfully submitted on August 9, 2024, by:

**SERAPH LEGAL, P. A.**

*/s/ Bridget L. Scarangella*
Bridget L. Scarangella, Esq.
Florida Bar No.: 1022866
BScarangella@seraphlegal.com
2124 West Kennedy Boulevard, Suite A
Tampa, FL 33606
Tel: 813-567-1230 (Ext: 303)
Fax: 855-500-0705
*Counsel for Plaintiff*

## EXHIBIT LIST

A Ms. Bageard's Experian Consumer Disclosure, June 1, 2024, Duplicate Credit One Tradelines - Excerpt